SAMUEL PARTLOW, Asssignee of Daniel Clapp, Plaintiff in Error, *v.* JOHN WILLIAMS *et al.*, Defendants in Error.

### ERROR TO VERMILLION.

Where a note or obligation is payable in an article or commodity of fluctuating value, the parties may stipulate for any consideration they may choose for the forbearance, so that it is not made certain that the payee must pay more money, or a greater value, than that for which the instrument was given, and legal interest thereon. The usury laws have no application to such a case.

The defense of usury must be pleaded specially.

THIS suit was instituted on a promissory note, of which the following is a copy:

DANVILLE, ILLS., March 27, 1857.

$6,500. Forty days after date, for value received, we, or either of us, promise to pay to the order of D. Clapp, at the Stock Security Bank, sixty-five hundred dollars, in sight exchange, on New York city, or its equivalent, and if not paid at maturity, to forfeit and pay three per cent. per month thereafter, as liquidated, agreed and assessed damages.

The defendants below made default, whereupon the plaintiff's attorney moved the court to direct the clerk to assess the damages on said note at the rate of three per cent. per month from the maturity of said note, at the same time offering to prove that said note was given for borrowed money. This motion the court overruled, and directed the clerk to allow interest on said note from the maturity of the same, at the rate of ten per cent. per annum. To the overruling of said motion, and to the direction given by the court to said clerk, the plaintiff, by his counsel, excepted.

. The errors assigned, are, that the court erred in overruling said motion, and in directing the clerk to allow interest on said note at ten per cent. per annum, instead of directing the clerk to assess damages on said note, from the maturity of the same, at three per cent. per month.

The judgment in this case was rendered by DAVIS, Judge.

LINCOLN & HERNDON, for Plaintiff in Error.

C. H. CONSTABLE, for Defendants in Error.

CATON, C. J.    This case is precisely within the rule laid down by this court, in the case of *Stevenson* v. *Unkefer*, 14 Ill. R. 103. This note was not payable in money, nor in anything of a fixed and determinate value like money. It was payable in sight exchange on New York city, which is ever fluctuating in value. To-day it may be worth five per cent. more than money, and to-morrow it may be procured at a discount of ten per cent. The parties could not know, at the time this note was executed, that the exchange to pay it with might not be bought at less than the sixty-five hundred dollars, with the three per cent. per month added, at the time the makers should choose to, or be compelled to pay it. Where a note or obligation is payable in an article or commodity of fluctuating value, the parties may stipulate for any consideration they may choose for the forbearance, so as they do not make it absolutely certain that the payee shall pay more money, or value, than that for which the note was given, and legal interest thereon. In such a case, the usury laws have no application.

Again, even if the defense of usury could have been set up, that could only be done by a special plea of the statute, while the judgment here was by default. The court erred in the rule laid down for computing the damages, and its judgment must be reversed, and the cause remanded.

*Judgment reversed.*